# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

SHANE PHILPOTT and LISA
PHILPOTT, Husband and Wife, and THE
CHRISTIAN FELLOWSHIP,

    Plaintiffs,

vs.

CITY OF MASON CITY, IOWA, A
Municipal Corporation; and MICHAEL
LASHBROOK and LOGAN WERNET,
individually and in their official
capacities;

    Defendants.

No. C09-3062-DEO

**ORDER**

_____

    This action was commenced by the filing of a Complaint on September 14, 2009. Doc. No. 2. The plaintiffs are Shane and Lisa Philpott, and the Christian Fellowship Church, a non-profit religious corporation. The defendants are the City of Mason City, Iowa; Michael Lashbrook, Chief of the Mason City Police Department; and Logan Wernet, a Mason City police officer.

    In the Complaint, the plaintiffs allege as follows: The plaintiffs claim that the defendants defamed them and violated their rights under the United States Constitution by knowingly making false statements to the Internal Revenue Service and to others in the Mason City community. These false statements were based on the defendants' disapproval of the plaintiffs' religious beliefs and practices. Because of these false statements, the plaintiffs Shane and Lisa Philpott were audited by the IRS, resulting in damages to the plaintiffs. When the defendants were asked about making these false statements to the IRS, they repeatedly represented that they had merely reported to the IRS information received from a confidential source. The plaintiffs learned later from documents obtained

from the IRS through the Freedom of Information Act that there was no informant, and Wernet was the source of the false information. They now seek to depose one current and two former employees of the IRS concerning the audit.

On August 13, 2010, the plaintiffs issued subpoenas to these three individuals requiring their attendance at depositions scheduled for three different dates in September 2010. The IRS contacted counsel for the plaintiffs and advised that the depositions had not been authorized under the "Touhy" regulations (26 C.F.R. §§ 301.9000-1 through 301.9000-7), and the depositions therefore could not proceed. The IRS advised that its employees and former employees cannot be compelled to testify in a case in which the IRS is not a party without a "testimony authorization" (26 C.F.R. 301.9000-3(a)), and such an authorization has not been issued.

On August 25, 2010, the plaintiffs submitted to the IRS a written statement in support of the requested testimony, and on August 26, 2010, they submitted an amended written request. On August 26, 2010, the IRS denied the amended request, citing the following grounds:

- The IRS is a disinterested party with respect to the litigation dispute and would consider the commitment of resources to comply with the request inappropriate.

- You have obtained under a FOIA request documents specific to the testimony requested.

- The request did not comply with Treas. Reg. 301-9000-5.

Doc. No. 24-8, p. 2.

On September 2, 2010, the IRS filed a motion to quash the subpoenas, and requested expedited relief. Doc. No. 24. The plaintiffs filed a resistance to the motion. Doc. No. 25. After a telephonic hearing on September 3, 2010, the court granted the motion to quash and struck the subpoenas as to the dates and times for which they had been issued, but reserved ruling on the question of whether the subpoenas could be reissued for

a later date and time. The parties were authorized to file further briefs addressing the issues raised by the motion. The IRS and the plaintiffs both have filed supplemental briefs. Doc. Nos. 28 & 29, respectively.

The IRS points out that it has the authority to restrict the testimony of its subordinates, *see United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S. Ct. 416, 95 L. Ed. 417 (1951), and it has done so by promulgating regulations. *See* 26 C.F.R. § 301. Under these regulations, an employee or former employee of the IRS may not testify or give a deposition without a "testimony authorization" from an "authorizing official." In this case, the IRS's authorizing official denied authorization. According to the IRS, the court should not examine the validity or merits behind the IRS's decision, but should look only at whether the IRS followed its regulations in denying the authorization. The IRS cites a number of cases where courts have taken this approach. *See*, *e.g.*, *In re Boeh*, 25 F.3d 761, 765 n.6 (9th Cir. 1994). In this case, the question of whether the IRS followed its regulations is inextricably intertwined with the question of whether the IRS's denial of authorization to testify was arbitrary, capricious, or an abuse of discretion. *See Moore v. Armour Pharmaceutical Co.*, 927 F.2d 1194, 1197 (11th Cir. 1991). Accordingly, the court will examine these questions together.

The first reason given by the IRS for denying the authorization is that it is a disinterested party in this dispute, and it considers the commitment of resources to comply with the request inappropriate. This purported justification for denying the authorization is disingenuous. Two of the three proposed witnesses are no longer employees of the IRS, and the time commitment requested from the third employee (less than a half day) is minimal. Although the IRS undoubtedly will expend some additional resources providing counsel to attend the depositions, it already has expended far greater resources in opposing the request than if it had simply agreed to produce the witnesses. The court does not

accept this reason as being advanced in good faith. The IRS reliance on this justification, was arbitrary and capricious.

The second reason given by the IRS is that the plaintiffs already have received documents from the IRS in response to their Freedom of Information Act request. The documents obtained by the plaintiffs from the IRS include memos summarizing information supplied by defendant Wernet to the IRS suggesting unlawful activities by the plaintiffs. Doc. No. 24-7, pp. 10, 11, 12, and 24. The implication from this is that the plaintiffs do not need anything else from the IRS.

In their statement in support of their request for depositions, the plaintiffs stated the following:

    a.    The parties seek testimony from Mr. Paxson, Ms. Gorder, and Ms. Wilson regarding the method by which Logan Wernet's report about the Philpotts first came to their attention.

    b.    The parties seek testimony from Mr. Paxson, Ms. Gorder, and Ms. Wilson regarding any and all communications they had with Logan Wernet and any other member of the Mason City Police Department regarding the Philpotts.

    c.    The parties seek testimony from Mr. Paxson as to actions he took in his audit of the Philpotts in response to information he received from Logan Wernet and as to his relationship with Logan Wernet.

    d.    The parties seek testimony from Ms. Wilson as to communications she had with friends and/or family members regarding the IRS audits of the Philpotts.

    e.    The parties seek testimony from Ms. Gorder as to communications she had with friends and/or family members regarding the IRS audits of the Philpotts.

    f.    The information described above is relevant to the proceeding as the parties seek to confirm how and what information was passed from Logan Wernet to the IRS regarding the Philpotts and what actions were caused by Logan Wernet's conduct.

g. The information is also relevant to determining causation of financial damage to the Christian Fellowship Church, as it is believed that individuals received information regarding the audit and as a result stopped attending and contributing to the Church.
h. There are no physical IRS records involved beyond those already in the parties' possession.
i. The time required to present testimony is estimated to be approximately one hour or less each for Ms. Gorder and Ms. Wilson, and two hours for Mr. Paxson, including both direct and cross examination.
j. The IRS records at issue include return information which the parties previously obtained through a Freedom of Information Act request.
k. A declaration of the IRS employees would not suffice in lieu of deposition testimony.
l. This information sought cannot be obtained by any means other than through testimony by Mr. Paxson, Ms. Gorder, and Ms. Wilson.
m. Counsel for Plaintiffs notified the IRS Disclosure Office of the planned depositions described above on approximately July 28, 2010. Depositions are not scheduled to occur until September 7, 10 and 27, 2010.
n. The demands have allowed a reasonable time for compliance. Counsel for Plaintiffs has diligently worked with Renee Elliott of the IRS Disclosure Office and Michael Bittner and Kathy Tyson of the IRS counsel's office to ensure they have the information needed to issue a testimony authorization (26 C.F.R. 301.9000-2) on a timely basis.
o. As the taxpayers, Plaintiffs Shane and Lisa Philpott are willing to sign a waiver allowing testimony as to confidential information relating to their audits.

Doc. No. 24-7, pp. 3-5. The fact that the plaintiffs have already obtained documents from the IRS in response to a Freedom of Information Act request does not mean the plaintiffs already have all of the information they need from the IRS. Asserting this as a justification

for denying the amended request was nonsensical. Again, relying on this justification was arbitrary and capricious.

The third reason given by the IRS for denying the request was that the plaintiffs' amended request did not comply with the regulations. The IRS argues the plaintiffs did not explain "why" a "declaration of an IRS officer [or] employee" would not suffice in lieu of a deposition, citing 26 C.F.R. § 301.9000-5(a)(5). Doc. No. 24-1, p. 11. This argument misrepresents what the regulation requires. The regulation does not require an explanation as to why a declaration would be insufficient; it only requires a statement that a declaration would not suffice. This is what the plaintiffs provided. The IRS also argues the plaintiffs did not "address" whether the information could be obtained from other sources, citing 26 C.F.R. § 301.9000-5(a)(7)). Again, this argument misrepresents what the regulation requires. It only requires that the requesting party "set forth" "whether IRS records or information are available from other sources," which is precisely what the plaintiffs did in their request.

The reasons advanced by the IRS in support of its denial of the request were without substance. The IRS set out obstacles to block the request without even giving it serious consideration, and then nonchalantly gave spurious reasons for denying the request. The court finds the decision of the IRS to deny the request for depositions was arbitrary, capricious, and an abuse of discretion.

In its supplemental brief, the IRS asserts the deliberative process privilege. *See Missouri ex rel. Shorr v. U.S. Army Corps of Eng'rs*, 147 F.3d 708, 710 (8th Cir. 1998). The IRS's concerns about this privilege have merit, although the privilege does not justify its denial of permission to conduct the depositions – it was first asserted only after the denial. The depositions may proceed, but the parties will not be permitted to ask questions about matters protected by the privilege. Such matters include the following subjects, identified by the IRS in its brief:

- What role, if any, did the information received from the Mason City Police Department play in the IRS's decision to audit the Philpotts;

- What triggered the audit of the Philpotts;

- What factors weighed most in favor of conducting the audit of the Philpotts;

- What factors weighed against conducting the audit;

- Who at the IRS made the decision to conduct the audit;

- Did the IRS decide to audit the Philpotts and forgo audits of other taxpayers, due to the information provided by the Mason City Police Department;

  - If so, why?

- Would the IRS have conducted the audit of the Philpotts without the information from the Mason City Police Department;

- Did RA Paxson conduct his own investigation or due diligence prior to commencing the audit of the Philpotts;

  - If so, what did RA Paxson do?

- Does the IRS receive tips and information from other agencies; and

- Does the IRS take the same actions and go through the same process when given tips and information from other sources.

Doc. No. 28, pp. 2-3. The court rules that all of these subjects are protected by the privilege.

The court rules that the plaintiffs are permitted to reschedule the depositions, subject to the following conditions and limitations:

7

1. The plaintiffs may examine each of the witnesses for one hour, excluding any time taken up by objections. The one hour time limit includes any time the plaintiffs decide to reserve for redirect examination.

2. In questioning these witnesses, the plaintiffs are permitted to ask about:

    a. the method by which any information concerning the Philpotts from Logan Wernet came to the witnesses' attention;

    b. communications the witnesses had with Logan Wernet and any other member of the Mason City Police Department regarding the Philpotts;

    c. the witnesses' relationship with Logan Wernet;

    d. communications the witnesses had with their friends and/or family members regarding the IRS audits of the Philpotts; and

    e. questions asking for any other non-privileged information relevant to or calculated to lead to the discovery of admissible evidence on the subject matter of the lawsuit.

3. The parties are not permitted to examine any witness concerning matters that would contravene the deliberative process privilege, or any other privilege.

4. The plaintiffs first must execute and provide to the IRS a waiver allowing testimony as to confidential information relating to their audits.

**IT IS SO ORDERED.**

**DATED** this 15th day of September, 2010.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT